PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL HINES, | ) | |
| | ) | CASE NO. 5:17CV2332 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | | **ORDER** [RESOLVING ECF NO. 2] |

Plaintiff Daniel Hines has filed an Application to Proceed Without Prepayment of Fees and Affidavit. ECF No. 2. The case was automatically referred to Magistrate Judge Jonathan D. Greenberg pursuant to Local Rule 72.2. Magistrate Judge Greenberg has issued a Report and Recommendation, recommending that the Court deny Plaintiff's motion. ECF No. 4. Plaintiff has filed an Objection to the Report and Recommendation. ECF No. 5. The Court, after review the objections, adopts the Report and orders Plaintiff to pay the filing fee within 30 days of this Order.

**I. Background**

Plaintiff filed a Complaint against the Commissioner of the Social Security Administration (ECF No. 1), and when he did so, he also filed motion to proceed *in forma pauperis* (ECF No. 2). In his application, Plaintiff reports that his spouse's average monthly income for the twelve months preceding the application was $4,020.00, and his spouse's expected income for the following month was $3,520.00. ECF No. 2 at PageID #: 16. Plaintiff

(5:17CV2332)

did not have an income himself.  *Id*.  He further reported $20 cash on hand and $451.92 across three bank accounts.  *Id*.  Plaintiff also listed three assets: a home with an estimated value of $175,000 and two cars with a combined estimated value of $5,000.  *Id*.  Plaintiff estimates his monthly expenses at $3,181.00.  *Id.* at PageID #: 17-18.  Finally, Plaintiff notes that his spouse has $450.00 deducted from her paycheck for medical, dental, and vision insurance premiums.  *Id.* at PageID #: 18.

## II.  Standard of Review

When objections have been made to a magistrate judge's Report and Recommendation, the district court's standard of review is *de novo*.  Fed. R. Civ. 72(b)(3).  A district judge:

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id*.  Near verbatim regurgitation of the arguments made in earlier filings are not true objections. When an "objection" merely states disagreement with the magistrate judge's suggested resolution, it is not an objection for the purposes of this review.  *Cvijetinovic v. Eberlin*, 617 F.Supp. 2d 620, 632 (N.D. Ohio 2008), *rev'd on other grounds*, 617 F.3d 833 (6th Cir. 2010). Such "general objections" do not serve the purposes of Fed. R. Civ. P. 72(b).  *See Jones v. Moore*, No. 3:04CV7584, 2006 WL 903199, at *7 (N.D. Ohio April 7, 2006).  "A party who files objections to a magistrate [judge]'s report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.'"  *Id*. (citing *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981)).

(5:17CV2332)

Accordingly, the Court has conducted a *de novo* review of the portions of the magistrate judge's Report to which Petitioner has properly objected.

### III. Discussion

Pursuant to 28 U.S.C. § 1915(a)(1), the Court "may authorize the commencement, prosecution, or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." Moreover, "pauper status does not require absolute destitution." *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Rather, "the question is whether the court costs can be paid without undue hardship." *Id.* It is within the Court's discretion whether to allow a litigant to proceed IFP. *Id.*

In determining eligibility to proceed IFP, courts have considered an IFP applicant's monthly income in conjunction with her other financial resources such as the resources of a spouse, interests in real estate, and automobiles. *See Ciavarella v. Comm'r of Soc. Sec.*, No. 5:13-CV-2031, 2013 WL 5354091, at *1 (N.D. Ohio Sept. 24, 2013) (quoting *Helland v. St. Mary's Duluth Clinic Health Sys.*, No. 10-31 (RHK/RLE), 2010 WL 502781, at *1, n.1 (D. Minn. Feb. 5, 2010) (citing cases)). IFP applications have been denied where an applicant's assets exceed the cost of filing the complaint. *See, e.g., Ciavarella*, 2013 WL 5354091, at *2 (citing cases and denying IFP application where plaintiff reported over $32,000 in bank and retirement accounts as well as real estate worth $166,000); *Levet v. Comm'r of Soc. Sec.*, No. 1:14-CV-01378, 2014 WL 3508893, at * 1 (N.D. Ohio July 15, 2014) (citing cases and denying

(5:17CV2332)

IFP application where plaintiff reported joint spousal income of $4,381.34 a month, $1, 285 in bank accounts as well as real estate and automobiles worth over $132,000).

In his objection, Plaintiff contends that requiring him to prepay the $400 filing fee would force him to choose between depleting his savings and checking accounts, selling one of his two vehicles, or selling his home. ECF No. 5 at 26. He further contends that selling his home or vehicle would constitute an undue hardship. *Id.* Critically, however, he does not claim that depleting his savings and checking accounts amounts to such a hardship. At a balance of $451.92 Plaintiff's savings and checking accounts contains enough money to pay the filing fee. Rather than a case where the filing fee poses an undue hardship, this is a case in which Plaintiff must "weigh the financial constraints posed by pursuing her complaint against the merits of her claims." *Levet*, 2014 WL 3508893, at * 2 (quoting *Behmlander*, 2012 WL 5457466, at *2); *see also Brown v. Dinwiddie*, 280 F.App'x. 713, 715-16 (10th Cir. 2008) (denying IFP application where plaintiff has $850 in savings account and could thus afford the $455 filing fee for his appeal).

## IV.  Conclusion

Based on the above, the Court finds that Plaintiff is not eligible to proceed IFP and his Application to Proceed Without Prepayment of Fees and Affidavit (ECF No. 2) is hereby denied. To the extent it is not inconsistent with this opinion, Magistrate Judge Greenberg's Report and Recommendation (ECF No. 4) is adopted, and Plaintiff's Objection (ECF No. 5) is overruled.

Plaintiff shall have thirty (30) days to pay the filing fee of $400.00. If Plaintiff does not pay the filing fee, the action will be dismissed without prejudice.

(5:17CV2332)

     IT IS SO ORDERED.


| | |
|---|---|
|  December 7, 2017  |    */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |