PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DANIEL HINES, | ) |
| | ) CASE NO. 5:17CV2332 |
| Plaintiff, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| NANCY A. BERRYHILL, ACTING | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY, | ) **MEMORANDUM OF OPINION AND** |
| | ) **ORDER** |
| Defendant. | ) |

An Administrative Law Judge ("ALJ") denied Plaintiff Daniel Hines' ("Plaintiff") applications for a Period of Disability and Disability Insurance Benefits after a hearing. That decision became the final determination of the Commissioner of Social Security when the Appeals Council denied the request to review the ALJ's decision. Plaintiff sought judicial review of the Commissioner's decision, and the Court referred the case to Magistrate Judge Jonathan D. Greenberg for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1). After both parties filed briefs, the magistrate judge submitted a report (ECF No. 20) recommending that the decision of the Commissioner be affirmed. Plaintiff filed an Objection to the Report and Recommendation. ECF No. 21. Defendant filed a Response. ECF No. 22. For the reasons that follow, Plaintiff's Objection are overruled and the magistrate judge's Report and Recommendation is adopted.

I.

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of the portions of the Report and Recommendation to which an appropriate objection has been made. 28 U.S.C. § 636(b). Objections must be specific, not general, in order to focus the court's attention upon contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The primary issue then becomes whether substantial evidence supports the Commissioner's decision. The Court's review of the Commissioner's decision is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the administrative law judge. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978); *Bartyzel v. Commr of Soc. Sec.*, 74 F. App'x 515, 522–23 (6th Cir. 2003). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would decide the matter differently. *Cutlip v. Secretary of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983) (per curiam)). Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). This standard "allows considerable latitude to administrative

(5:17CV2332)

decision makers. It presupposes that there is a zone of choice within which the decisionmakers can decide either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id.* (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). In determining, however, whether substantial evidence supports the ALJ's findings in the instant matter, the Court must examine the record as a whole and take into account what fairly detracts from its weight. *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The Court must also consider whether the Commissioner employed the proper legal standards. *Queen City Home Health Care Co. v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

To establish disability under the Social Security Act, a claimant must show that he is unable to engage in substantial activity due to the existence of "a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months." *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The claimant's impairment must prevent him from doing his previous work, as well as any other work existing in significant numbers in the national economy. 42 U.S.C. § 423(d)(2)(A).

In order for the Commissioner to find that a claimant suffers from a disability for which he should receive benefits, the claimant must be unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous

3

(5:17CV2332)

period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Under 42 U.S.C. § 1381, disabled individuals who meet certain income and resources requirements are entitled to social security insurance benefits. 20 C.F.R. §§ 416.1100 and 416.1201.

**II**.

Plaintiff raises two objections to the magistrate judge's Report. First, Plaintiff objects to the magistrate judge's finding of substantial evidence supporting the ALJ's assignment of little weight to the opinion of Plaintiff's treating primary care physician, Dr. G. Andrew McIntosh. ECF No. 21 at PageID #: 975. Additionally, Plaintiff objects to the magistrate judge's finding of substantial evidence supporting the ALJ's assignment of little weight to the opinion of Plaintiff's rheumatologist, Dr. Rochelle Rosian. *Id.* Defendant stands on the merits of its brief and requests the Court to adopt the magistrate judge's Report and Recommendation. ECF No. 22. The Court reviews Plaintiff's objections *de novo*.

**A.     Dr. McIntosh's Opinion**

A treating source opinion must be given controlling weight if such opinion is (1) well-supported by medically acceptable clinical and laboratory diagnostic techniques and (2) not inconsistent with the other substantial evidence in the case record. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013); 20 C.F.R. § 404.1527(c)(2). A finding that a treating source medical opinion is inconsistent with the other substantial evidence in the record means only that the opinion is not entitled to controlling weight, *not* that the opinion should be outright rejected. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 408 (6th Cir. 2009). If the ALJ

4

(5:17CV2332)

determines that the treating source opinion is not entitled to controlling weight, the ALJ must provide good reasons for discounting the opinion. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007). In addition, those reasons must be supported by substantial evidence. *Lester v. Social Sec. Admin.*, 596 F. App'x 387, 389 (6th Cir. 2015).

The magistrate judge found that the ALJ's findings that Dr. McIntosh's opinion was inconsistent with objective medical evidence and Plaintiff's treatment notes are supported by substantial evidence. ECF No. 20 at PageID #: 966. Specifically, the magistrate judge notes the ALJ's findings that Plaintiff often was noted to have a normal gait, normal range of motion in his joints and extremities, no edema, normal sensation, and no motor or sensory deficit. *Id.* The ALJ also found that Plaintiff's joint pain and tenderness were generally minimal and under control through medication and physical therapy. *Id.* Plaintiff's lupus was "steady" and "stable with medication." *Id.* His pulmonary condition was also generally stable and under control. *Id.* at PageID #: 967.

Plaintiff argues that the magistrate judge and ALJ erred by finding Dr. McIntosh's opinion to be inconsistent with the other substantial evidence in the record. He contends that Dr. McIntosh was asked for his opinion as to Plaintiff's ability to do work-related activities on a regular and continuing basis. ECF No. 21 at PageID #: 975. Plaintiff distinguishes this from the ability to perform work-related activities in the absence of the demands of work on a regular and continuing basis. *Id.* He asserts that "normal and minimal findings on examination" during times while Plaintiff was not working would not be inconsistent with Dr. McIntosh's conclusions

5

(5:17CV2332)

of Plaintiff's limitations if tasked with work-related activities on a regular and continuing basis. *Id.* at PageID #: 975-76.

The mere possibility that Dr. McIntosh's opinion could be read in harmony with the treatment notes of Dr. McIntosh and other physicians does not provide a proper basis for objection. The Sixth Circuit has held that the "ALJ need only explain [its] reasons for rejecting a treating source statement because such an opinion carries 'controlling weight' under the SSA." *Norris v. Comm'r of Soc. Sec.*, 461 F. App'x 433, 439 (6th Cir. 2012) (holding that "a claimant is entitled under the SSA only to reasons explaining the weight assigned to his treating sources.").

As the magistrate judge correctly notes, the ALJ adequately explained his reasoning for finding that Dr. McIntosh's medical opinion on December 3, 2014 was inconsistent with objective medical evidence and treatment notes from his treating physicians. ECF No. 16 at PageID #: 132. The ALJ notes that Plaintiff often was noted to have a normal gait, with only minimal swelling in his joints. *Id.* at PageID #: 135. Plaintiff did not use a cane. *Id.* He exercised regularly on a treadmill. *Id.* He did not report any major issues using his hands and fingers. *Id.* The ALJ concludes that "[t]hese objective findings simply do not support such extreme, standing, sitting, and walking limitations." *Id.*

Plaintiff's disagreements with the ALJ's conclusion from the evidence are immaterial. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision. *Mullen*, 800 F.2d at 545. Even if substantial evidence would also support the opposite conclusion, the decision must be affirmed*. Id.* Because substantial evidence supports the ALJ's decision, a reviewing court must affirm the decision.

6

(5:17CV2332)

Plaintiff also argues that the magistrate judge and the ALJ erred by relying on the inconsistency between Dr. McIntosh's opinion and the opinions of state agency physicians Drs. Manos and Klyop in support of his decision to afford Dr. McIntosh's opinion little weight. [ECF No. 21 at PageID #: 975](). Plaintiff avers that "[s]uch inconsistency . . . cannot properly be found to weigh against the opinion of a treating physician." *[Id.]()*

Plaintiff's argument misses the mark. Neither the magistrate judge nor the ALJ merely relied on the weight of the opinions of Drs. Manos and Klyop in discounting Dr. McIntosh's opinion. The ALJ afforded great weight to the opinions of Drs. Manos and Klyop because they were "consistent with the claimant's [course of] treatment [], his regular exercise, the objective findings upon examination, and his diagnostic testing." [ECF No. 16 at PageID #: 135-36](). In contrast, the ALJ found Dr. McIntosh's opinion to be "inconsistent with the treatment notes" and "extreme, given the claimant's treatment notes and treatment course." *[Id.]()* The basis for the ALJ's discounting of Dr. McIntosh' opinion and the magistrate judge's affirming of the ALJ's decision was not the opinions of Drs. Manos and Klyop. Rather, it was the inconsistency of Dr. McIntosh's opinion with his own treatment notes, the treatment notes of Plaintiff's other treating physicians, including Drs. Rosian and Musa, and objective medical findings. Accordingly, Plaintiff's first objection is overruled.

**B.     Dr. Rosian's Opinion**

The magistrate judge also found substantial evidence supporting the ALJ's finding that Dr. Rosian's opinion was "extreme when compared to the actual treatment notes" and the medical record generally. [ECF No. 20 at PageID #: 970, 972](). In doing so, the magistrate judge

7

(5:17CV2332)

cited the ALJ's findings that Dr. Rosian's treatment notes indicated that Plaintiff rated his pain as a four out of ten to her, noted only minimal swelling of the joints, and indicated that his lupus was stable. *Id.* at PageID #: 970. Upon examination, Plaintiff was found to have "clear lungs, no wheezing, normal gait, normal sensation, normal pulses, normal skin (no suspicious rashes or lesions), and tenderness and 'minimal swelling' in his MCP joints." *Id.* at PageID #: 970-71. Plaintiff's subsequent visits to Dr. Rosian evidenced more of the same, save for an increase in pain following "doing lots of work around the house" and lifting weights. *Id.* at PageID #: 971. Plaintiff's other physicians also reached similar conclusions. *Id.* at PageID #: 972. Yet Dr. Rosian assessed numerous physical functional limitations and concluded that Plaintiff's fatigue, joint pain, and swelling precluded him from full-time work. *Id.* at PageID #: 968-69. The magistrate judge concluded that there was substantial evidence supporting the ALJ's finding that Dr. Rosian's assessment was inconsistent with the record.

For the same reasons, Plaintiff's objections to the magistrate judge's finding of substantial evidence supporting the ALJ's assignment of "little weight" to the opinion of Dr. Rosian must be overruled. "So long as the ALJ's decision adequately explains and justifies its determination as a whole, it satisfies the necessary requirements to survive . . . review." *Norris,* 461 F. App'x at 440. The ALJ adequately explained his findings from Dr. Rosian's notes and Plaintiff's pulmonary medical records. *See* ECF No. 16 at PageID #: 132-33, 135. The ALJ reasoned that Dr. Rosian's notes and Plaintiff's medical record were incompatible with Dr. Rosian's opinion and afforded it little weight. *Id.* at PageID #: 135. Plaintiff's objection to the ALJ's conclusion is not availing. Even if the evidence could conceivably point to another

8

(5:17CV2332)

outcome, Plaintiff has not shown that the ALJ's determination was not supported by substantial evidence.

Accordingly, Plaintiff's second objection is overruled.

### III.

For the reasons discussed above, the Court overrules Plaintiff's Objection to the Report and Recommendation. ECF No. 21. The Report and Recommendation is adopted. ECF No. 20. The decision of the Commissioner is affirmed. Judgment will be entered in favor of Defendant.

IT IS SO ORDERED.

| | |
|---|---|
| November 21, 2018 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |